F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 15 2026   ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
Plaintiff,

No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK

v.

JOSEPH ROMANO,
Defendant.



RECEIVED
JUL 16 2026
PRO SE OFFICE

## NOTICE OF SUPPLEMENTAL RECORD CITATIONS IN SUPPORT OF RULE 6 DISCOVERY REQUEST (ECF NO. 799)

Joseph Romano respectfully submits this short notice to identify supplemental record citations relevant to his Rule 6 discovery request at ECF No. 799 and the government's opposition at ECF No. 806.

This Notice is submitted in addition to, and not in place of, Mr. Romano's pro se reply to ECF No. 806. It does not withdraw, replace, amend, or supersede that reply.

The government characterizes the request for the two Hessle/Mirkovic memoranda as stale, speculative, or unnecessary. The existing record shows otherwise. The request concerns a real-time conflict-disclosure issue that existed before the Curcio proceedings, before the guilty plea, and before sentencing.

First, ECF No. 143 reflects that the government was aware of CCI checks payable to Charles Carnesi and that Carnesi was likely a witness concerning the payment issue. ECF No. 143-2, p. 7, PageID #295.

Second, ECF No. 171 shows that, before the May 26, 2010 Curcio/bail hearing, the government hand-delivered to Mr. Carnesi phone records relating to CCI and the cellular telephone registered to Dejvid Mirkovic and used by Mr. Romano, as well as six checks made payable to Mr. Carnesi from CCI. ECF No. 171, p. 1, PageID #488. This confirms that the Carnesi/Mirkovic/CCI payment issue was documented in real time before the Curcio process proceeded.

Third, the May 18 and May 26, 2010 Curcio transcripts further confirm the same point. At the May 18 proceeding, Judge Tomlinson explained that the matter was "not yet a Curcio hearing" because the case had been set for a bail-revocation proceeding, but the potential conflict had to be addressed first. The Court identified the conflict as one arising from CCI checks and phone records involving Mr. Carnesi and explained that Mr. Carnesi might be called as a witness at the bail hearing. ECF No. 177, pp. 2, 6, 9, 11, PageID #505, #509, #512, #514. At the May 26 proceeding, the Court took a waiver of that potential conflict and then immediately proceeded to the bail-revocation hearing, at which William Hessle testified. ECF No. 178, pp. 11-13, PageID #530-532. These transcripts confirm that the Curcio issue was framed in real time as a bail-witness conflict arising from the same CCI/Mirkovic/Carnesi evidence now relevant to the Rule 6 request.

REC'D IN PRO SE OFFICE
JUL 16 '26 PM 2:47

1

Fourth, the Mirkovic affidavit itself identifies the two requested memoranda by date, author, witness, and subject matter. Mirkovic swore that Aryai and Thomas Cleere, both retained by Mr. Romano, presented him with and reviewed two memoranda of interview dated April 28, 2010 and August 17, 2010, both compiled by William J. Hessle. Mirkovic further swore that, as to the August 17, 2010 memorandum, he never stated that Mr. Romano told Russell Barnes to use the "investor pitch" and never stated that Mr. Romano admitted knowing employees were lying to customers. ECF No. 659, Ex. 1, pp. 20-23, PageID #3308-3311; ECF No. 799, Ex. A, pp. 4-7, PageID #5535-5538, especially PageID #5537. The affidavit was filed without the referenced Exhibits C and D. That absence confirms the narrow gap this Rule 6 request asks the Court to fill by production or in camera review.

Fifth, ECF No. 776 shows that Mr. Romano later raised the Mirkovic/Gatz/Aryai concern in a sealed proceeding. The Court did not adjudicate the truth or falsity of that allegation; rather, it expressly took no position on the misconduct issue and redirected the proceeding back to counsel withdrawal and sentencing concerns. ECF No. 776, pp. 19-20, 31-32, 48, PageID #4743-4744, #4755-4756, #4772.

These citations are submitted for a narrow purpose. They show that the request in ECF No. 799 is not based on speculation and is not newly invented. The Carnesi/Mirkovic/CCI issue existed in the record in real time. The two Hessle/Mirkovic memoranda are important because they bear on Mirkovic's reliability and alleged statements about Mr. Romano's knowledge and intent, and on what conflicted counsel had to handle while the payment issue remained unresolved.

Mr. Romano therefore respectfully renews the narrow request in ECF No. 799: the Court should order production of the April 28, 2010 and August 17, 2010 Hessle/Mirkovic memoranda, or, at minimum, review those memoranda in camera before denying Rule 6 discovery or enforcing any waiver based on an incomplete conflict record.

Dated: July 1, 2026
Florence, Colorado

Respectfully submitted,

Joseph Romano
Pro Se
Reg. No. 72247-053
USP ADX Florence
P.O. Box 8500
Florence, CO 81226

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on ___July 1___, 2026, I deposited the original of this Notice of Supplemental Record Citations in Support of Rule 6 Discovery Request (ECF No. 799) in the institutional legal mail at USP ADX Florence, using the institution's legal mail procedures, addressed to:

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

I further certify that on the same date, I deposited a true and correct copy of this Notice in the institutional legal mail addressed to:

Matthew F. Sullivan
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Dated: ___July 1___, 2026
Florence, Colorado

Joseph Romano
Reg. No. 72247-053

3

**Name:** Romano, Joseph
**Reg No:** (72247053)
U.S. PENITENTIARY MAX.
P.O. BOX 8500
FLORENCE, CO 81226-8500

cm-26-186



DENVER CO 802
11 JUL 2026 PM 7 L

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza, East
Brooklyn, New York
11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 15 2026 ★

BROOKLYN OFFICE

11201-183299

Prison Legal
Mail July 1, 2026